[No. 775. September 2, 1898.]

JOHN W. SCHOFIELD, Receiver, Plaintiff in Error, v. WILLIAM B. SLAUGHTER, Defendant in Error.

JOSEPH E. SAINT, Receiver, v. WILLIAM B. SLAUGH-TER. JOHN W. SCHOFIELD, Receiver, etc., v. WILLIAM B. SLAUGHTER et al.

SYLLABUS BY THE COURT.

TRIAL BY JURY—ERROR—MOTION FOR NEW TRIAL—REVIEW.—1. Where a motion for a new trial was not made within five days, as provided in section 2685, sub-section 133, Compiled Laws of 1897, errors alleged to have been committed by the court below will not be reviewed.

2. Where a jury is impaneled and evidence taken before it on the trial of a cause, it is a jury trial within the meaning of section 2685, sub-section 133, Compiled Laws of 1897, though the jury rendered its verdict by direction of the court.

*Error*, from a judgment for defendant, to the Fifth Judicial District Court, Socorro County. Affirmed.

The facts are stated in the opinion of the court.

CHILDERS & DOBSON for plaintiff in error.

If the debtor is not an inhabitant of the territory and has no place of abode at which summons may be lawfully served, he may be proceeded against by attachment. Wap. on Att. 36, 27; Monroe v. Williams, 16 S. E. Rep. 533; Frost v. Brisbin, 19 Wend. 11; Haggard v. Morgan, 5 N. Y. 422; Drake on Att., sec. 69. See, also, as to distinction between "residence" and domicile" or "citizen," Drake on Att., sec. 58; 2 Kent's Com. 576, note; Wade on Att., secs. 75, 76; 32 Am. Dec. 427, note; Adams v. Abernathy, 37 Mo. 196; Chariton Co. v. Moberly, 58 Id. 238; Green v. Beckwith, 38 Id. 384; Hanson v. Graham, 23 Pac. Rep. 56; Keller v. Carr, 40 Minn. 428; Bank v. Stebbins, 69 Hun. 308; Bowers

v. Ross, 55 Miss. 213; Brown v. Crane, 69 Id. 678; Dorsey v. Kyle, 30 Md. 572; Long v. Ryan, 30 Gratt. (Va.) 720; Baldwin v. Flagg, 43 N. J. Law. 495.

It is the duty of the court to direct a verdict only when the evidence is undisputed, or is so conclusive that a verdict in opposition thereto would be set aside. Richardson v. Boston, 19 How. 263; Canal Co. v. Knapp, 9 Pet. 541; Hogan v. Page, 2 Wall. 605.

Where the intention with which an act is done becomes a subject of inquiry, it belongs exclusively to the jury to decide. Lee v. Lee, 8 Pet. (U. S.) 50; U. S. v. Quincy, 6 Id. 466; Cornett v. Williams, 20 Wall. 244.

WARREN, FERGUSSON & GILLETT and B. F. DEATHERAGE for defendant in error.

We submit that, in law, there was no motion for new trial of this cause filed in the court below, because there is no motion for new trial incorporated in the bill of exceptions filed in the cause. Assurance Co. v. Walker, not reported; Rogers v. Richards, 8 N. M. 663. See, also, Territory v. Anderson, 4 N. M. 228; Territory v. Chavez, 8 Id. 528; Buettinger v. Hurley, 34 Kan. 585; Arnold v. Boyer, 108 Mo. 310; Games v. Sumners, 39 Ark. 482; Bowman v. Ely, 135 Ind. 494; Wolcott v. Bachman, 23 Pac. Rep. 72, 673; White v. Blair, 95 Ala. 147; 10 Soth. Rep. 257; Causy v. Miller, 17 Ga. 435; Kaufman v. Farley Mfg. Co., 78 Ia. 670; Harper v. Harper, 73 Ky. 451; Nettles v. Scott, 17 La. 336.

In a case like this it is the duty of the court to instruct a verdict for the defendant. 2 Thomp. Tr., sec. 2242; Chandler v. Van Roeder, 24 How. 227; Wilder v. Wheeldon, 56 Vt. 344; Harris v. Woody, 9 Mo. 113; St. Johnsbury v. Thompson, 9 Atl. 571. See, also, 2 Thomp. Tr., sec. 2245; Tyson v. Yawn, 15 Ga. 491; Boland v. Railroad, 36 Mo. 484; Meyer v. Railroad, 40 Id. 151; Charles v. Patch, 87 Id. 450, 462; Alexander v. Mining Co., 3 N. M. 255; Lockhart v. Wills, 50 Pac. (N. M.) 318; Ellis v. Railway Co., 150 U. S.

245; Railroad Co. v. Houston, 95 Id. 697; Schofield v. Railroad, 114 Id. 615; Railroad v. Converse, 139 Id. 469; Hildebrand v. Lillis, 51 Pac. Rep. 1008; Bank v. Insurance Co., 105 U. S. 783; Richardson v. Boston, 19 How. 263.

The question of residence is generally a question of intention. Shinn on Attach. 149; Green v. Beckwith, 30 Mo. 384; 1 Am. and Eng. Ency. of Law, 897; 6 Drake on Attach., secs. 57, 63; 6 Am. and Eng. Ency. of Law 279; Wap. on Attach. 42, 46; 1 Whar. Ev. [2 Ed.], secs. 482, 508.

McFIE, J.—The above causes were suits in assumpsit by attachment, commenced in the dictrict court of Bernalillo county, on the sixth day of March, A. D., 1894.

Issue was joined by a traverse of the attachment, and upon that issue, the causes having been consolidated by stipulation of counsel, trial was had at the December term, 1897, and a verdict was rendered by direction of the court in favor of the defendant on the eighth day of January, 1898.

On the eighteenth day of January, 1898, motion for a new trial was filed by the plaintiff, and the same was overruled, and by consent of the defendant, judgment was rendered in favor of the plaintiff for the amount due in each of said causes, January 20, 1898.

A writ of error was sued out by the plaintiff in the court below, and the defendant in error has filed a motion to dismiss the writ of error.

The motion for new trial in this cause was filed ten days after the trial was had in the lower court, and the verdict rendered, and the motion to dismiss the writ of ERROR: motion for error is made upon the ground that the motion new trial: review. was not filed within the time required by law, and that the same was not incorporated in the bill of exceptions so as to become a part of the record in this case. The motion for new trial was filed on the eighteenth day of January, 1898, and is therefore governed by section 2685, sub-section 133, Compiled Laws of 1897, which is in part as follows:

"All motions for new trials in cases tried by juries shall be filed during the term of the court at which the case is tried, and within five days after the rendition of the verdict or findings."

The language of this section is unambiguous, and requires motions for new trials to be filed within five days after the rendition of the verdict.

It is clear that the motion for new trial was not filed within the time specified in the statute.

This court has repeatedly held that a motion for a new trial must be made in the court below, and in the event this is not done, this court will not review the action of the lower court on writ of error. Rogers v. Richards, 8 N. M. 663; Territory v. Anderson, 4 N. M. 228; Speigelberg v. Mink, 1 N. M. 308; Sierra Co. v. Dona Ana Co., 5 N. M. 190; Territory v. Chavez, 50 Pac. Rep. 324.

The cases above cited are decisive of this case as to the necessity for filing a motion for a new trial.

But it is insisted by the plaintiff in error that in a case where the court directs a verdict it is not a jury trial, and therefore the law as above laid down applicable to trials by jury, has no application to a trial by jury where the verdict is rendered by direction of the court. We are unable to accept this view of the law. In the case of Jury trial. Spiegelberg v. Mink, 1 N. M. 308, this court held that a motion for a new trial was necessary not only where the case is tried by the jury, but also where the jury is waived and it is tried by the court; and the statute above referred to evidently means the same thing when it requires motions for new trial to be filed within five days after the rendition of the verdict or findings. Where, however, a jury is impaneled, and evidence is taken before the jury, it is a jury trial whether a verdict is directed by the court or not.

Prior to the enactment of section 2685, sub-section 133, Comp. Laws of 1897, the rules of this court, required motions for a new trial to be filed within five days; and in the case of

Rogers v. Richards, above referred to, the rules of this court are declared to have the force of a statute.

It appears from the record in this case that although the motion for a new trial was not filed within the time required by the statute, the same was acted upon by the court, although the record further discloses, that the only evidence of notice to opposing counsel is a letter dated the twenty-second day of January, 1898. The motion was disposed of by the court on the twentieth day of January, two days prior to the date of the notice to opposing counsel.

The motion for a new trial in this case was not filed within the time required by the statute, and the statute must govern as it is too plain to admit of construction. The fact that the court saw fit to pass upon the motion does not change the matter in any respect. The court's action can not have the effect modifying the provisions of the statute, and it is immaterial what action the court may have taken upon the motion.

The motion to dismiss the writ of error will be overruled, as the record proper can not be stricken out, but as there is no reversible error in the record, the judgment of the court below will be affirmed with costs.

Mills, C. J.; Crumpacker, Leland and Parker, JJ., concur.